## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## Wheeling

**DOMINIQUE LOUISE CARROLL,**

      Petitioner,

v.                                              **Civil Action No. 5:22-cv-27**
                                                            Judge Bailey

**R. McCAFFREY,**

      Respondent.

## REPORT AND RECOMMENDATION

The petitioner is a federal inmate, currently incarcerated at SFF Hazelton in Bruceton Mills, West Virginia. The petitioner filed the instant habeas petition pursuant to 28 U.S.C. § 2241 on February 16, 2022, alleging that she is being denied time credit for programming under the First Step Act ("FSA"). For relief, the petitioner is asking the Court to "[apply the Pattern credits I've accumulated; more than 750 credits completed; that should entitle me to 1 yr. off my sentence for participation in vocational training and other evidence based recidivism programming." [Doc. 1 at 8].

The petitioner indicates that she presented the facts in relation to her petition in the grievance process. However, for the reasons outlined below, it is clear that the petition is due to be dismissed for failure to exhaust administrative grievances.

### I.  Analysis

To the extent that exhaustion has been applied to habeas corpus, such a requirement is not mandated by statute. Instead, exhaustion prerequisites in habeas corpus actions arising under § 2241 are merely judicially imposed. See, e.g., Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1996) (federal inmates are required to exhaust their

administrative remedies prior to filing a 2241 petition); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3rd Cir. 1996) (same); McCallister v. Haynes, 2004 WL 3189469 (N.D.W.Va. 2004) (same).  Because the exhaustion requirement is only judicially imposed in habeas proceedings, it follows that a Court has the discretion to waive that requirement in certain circumstances.  See LaRue v. Adams, 2006 WL 1674487 *8 (S.D.W.Va. June 12, 2006) (citing Smith v. Angelone, 111 F.3d 1126, 1129-31 (4th Cir.) cert. denied, 521 U.S. 1131 (1997)).  Indeed, a number of courts have found that the exhaustion requirement may be waived where the administrative process would be futile.  See id. at *5-*7.

However, even in cases where the administrative process is unlikely to grant an inmate relief, Courts have enforced a longstanding policy favoring exhaustion.  See Alexander v. Hawk, 159 F.3d 1321, 1327-28 (11th Cir. 1998).  In particular, it has been noted that the following policies are promoted by requiring the exhaustion of administrative remedies: "(1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources . . . ; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that 'frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.'"  Id. at 1327 (citation omitted).

In this case, the petitioner clearly has not exhausted her administrative remedies.  In addition, she does not argue that doing so would be futile.  Instead, it appears that the petitioner does not understand the grievance procedure, or deliberately chose not to

complete the grievance procedure.

The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8).  See 28 C.F.R. § 542.10, et seq. If the prisoner achieves no satisfaction informally, she must file a written complaint to the warden (BP-9), within 20 calendar days of the date of the occurrence on which the complaint is based.  If an inmate is not satisfied with the warden's response, she may appeal to the regional director of the BOP (BP-10) within 20 days of the warden's response. Finally, if the prisoner has received no satisfaction, she may appeal to the Office of General Counsel (BP-11) within 30 days of the date the Regional Director signed the response.[1] An inmate is not deemed to have exhausted her administrative remedies until she has filed her complaint at all levels.  28 C.F.R.§ 542.10-542.15; Gibbs v. Bureau of Prison Office, FCI, 986 F.Supp. 941, 943 (D.Md. 1997).

In the instant matter, the petitioner filed her BP-8, indicating that she was requesting FSA credits and stating that she was entitled to one year off.  The matter was not resolved in the informal resolution with her unit manager. [Doc. 1-1 at 1].  On November 15, 2021, she filed her BP-9 with the Warden.  On December 8, 2021, the Warden responded that

---

[1] "If accepted, a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received.  Once filed, response shall be made by the Warden or CMM within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days...If the time period for response to a Request or Appeal is insufficient to make an appropriate decision, the time for response may be extended once by 20 days at the institution level, 30 days at the regional level, or 20 days at the Central Office level. Staff shall inform the inmate of this extension in writing. Staff shall respond in writing to all filed Requests or Appeals.  If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

the petitioner has not yet completed any FSA classes to earn any applicable credit. [Id. at 3]. On December 15, 2021, the petitioner signed her BP-10. [Id. at 4]. It was received at the Mid-Atlantic Regional Office of December 18, 2021.  On January 4, 2021, the Regional Office sent the petitioner notification that additional time was needed to respond, and the time for response was extended to February 16, 2022 as permitted by 28 C.F.R. § 542.18. [Id. at 5].  The petitioner signed her petition on January 5, 2022 [Doc. 1 at 9], and it was postmarked on February 14, 2022. [Doc. 1-2].

Therefore, it is clear that the petitioner did not wait for the final response to her BP-10, and could not have filed her BP-11.  Therefore, it is apparent that she has not exhausted her administrative grievances.

Exhaustion of administrative remedies would definitely be appropriate in this instance given that the BOP is charged with the responsibility of assessing inmates for criminogenic needs and other needs that are associated with an increased risk of recidivism.  In addition, the BOP has establishes various evidence-based recidivist reduction programs and assigned the hours of enrollment necessary to complete the various programs  See United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351 (1992) (the Attorney General, through the BOP, has the responsibility for administering federal sentences); United States v. Lucas, 898 F.2d 1554 (11th Cir. 1990) (the power to grant jail time credit lies exclusively with the Attorney General).

Moreover, the record now before this Court is devoid of the necessary facts by which this Court needs to accurately assess the legitimacy of the petitioner's claims.  Notably, the petitioner has attached numerous documents which indicate that she has participated in and apparently completely numerous courses offered by the BOP. However, it is impossible

for this Court to determine whether all of these courses are included in the approved Programs and Productive activities, nor if approved, how many time credits she is entitled to receive.

By requiring the petitioner to exhaust her claims within the Bureau's administrative remedy process, the Court would be promoting many of the policies which underlie the exhaustion principle. For example, the administrative remedy process could develop the necessary factual background upon which the petitioner's claim is based, allow the BOP the opportunity to exercise its discretion and apply its expertise in this area, conserve scarce judicial resources, give the BOP a chance to discover and correct its own possible error, and avoid the deliberate flouting of the administrative process.

## II.  Recommendation

For the foregoing reasons, the undersigned recommends that this matter be **DISMISSED without prejudice** for the failure to exhaust administrative remedies.

Within fourteen days after service of this Report and Recommendation, any party may file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v.

Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to her last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: February 24, 2022

/s/ James P. Mazzone

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE